OPINION
Billy J. Collins appeals from an order of the Juvenile Court denying his motion to become primary residential parent, but modifying sua sponte the visitation schedule causing his children to live with him five days per week during the school year. Collins argues the court erred by giving him de facto residential parental rights, but refusing to designate him the residential parent de jure.
The record reflects that Billy Collins and Karen Clark had four children while they lived together in Cleveland: Danielle, Candice, Shannon, and Roxanne. In 1993, Clark moved to California and took the children with her. Collins instituted an action to establish the parent-child relationship and to obtain custody of the children. In 1994, following Clark's arrest in California on drug charges, the court sent the children to Cleveland and gave custody to Collins. Upon her release from jail, Clark returned to Cleveland and obtained an ex parte order naming her as custodial parent.
On February 9, 1996, Clark brought the children to Collins' home for their scheduled visitation, and never returned to pick them up. On February 14, 1996, Clark filed a motion with the court to modify custody requesting the court to grant custody to Collins. Collins then filed a consent to that motion, but Clark later withdrew it.
On March 14, 1996, Collins filed his own motion to modify allocation of parental rights and responsibilities. A magistrate heard the matter, and following that hearing, the court issued its order, denying his motion, but modifying visitation, stating in pertinent part:
 * * * The court, having heard the testimony and received the evidence, and having considered the factors set forth in ORC 3109.94 and upon due consideration thereof, finds that a change has not occurred in the circumstances of the children or of the mother, the current residential parent, since the prior custody order was made and that a modification of the residential parent would not serve the best interest of the children.
 Therefore, father's motion to modify allocation of parental rights filed March 14, 1996 is hereby denied.
 Notwithstanding the denial of father's motion, the court, upon its own motion, finds that it would be in the best interest of the children to modify the current visitation schedule.
 Having reviewed the testimony and evidence, and having considered the factors set forth in ORC 3109.051, the court finds it would be in the best interest of the children if visitation were modified as follows:
 1) During the school year, the father shall have visitation with the children from Sunday at six p.m. to Friday morning when he takes the children to school. The mother shall pick them up after school on Friday.
 2) During the summer break from school, the father shall have visitation on alternating weekends from Friday at six p.m. until Sunday at six p.m. and one night during the week, the day of which shall be agreed between the parties, from five p.m. until eight p.m., unless otherwise agreed to between the parties.
Collins now appeals and presents the following three assignments of error for our review:
 I. THE TRIAL COURT ERRED WHEN, AFTER MAKING A FINDING THAT IT IS IN THE BEST INTEREST OF THE CHILDREN TO LIVE WITH THE FATHER-APPELLANT FROM SUNDAY THROUGH FRIDAY EACH WEEK FROM AUGUST THROUGH JUNE, THE TRIAL COURT DENIED THE FATHER-APPELLANT'S MOTION TO NAME THE FATHER-APPELLANT THE "PRIMARY RESIDENTIAL PARENT."
 II. THE TRIAL COURT ERRED WHEN, AFTER MAKING A FINDING THAT IT IS IN THE BEST INTEREST OF THE CHILDREN TO LIVE WITH THE FATHER-APPELLANT FROM SUNDAY THROUGH FRIDAY EACH WEEK FROM AUGUST THROUGH JUNE, AND ENTERING AN ORDER THAT THE CHILDREN IN FACT LIVE WITH THE FATHER-APPELLANT FROM SUNDAY THROUGH FRIDAY EACH WEEK FROM AUGUST THROUGH JUNE, THE TRIAL COURT DESIGNATED THE TIME THAT THE CHILDREN LIVE WITH THE FATHER-APPELLANT AS "VISITATION."
 III. THE TRIAL COURT ERRED WHEN, AFTER MAKING A FINDING THAT IT IS IN THE BEST INTEREST OF THE CHILDREN TO LIVE WITH THE FATHER-APPELLANT FROM SUNDAY THROUGH FRIDAY EACH WEEK FROM AUGUST THROUGH JUNE, AND ENTERING AN ORDER THAT THE CHILDREN IN FACT LIVE WITH THE FATHER-APPELLANT FROM SUNDAY THROUGH FRIDAY EACH WEEK FROM AUGUST THROUGH JUNE, THE TRIAL COURT MADE AN ENTRY THAT STATED THAT THE TRIAL COURT HAD "DENIED" THE FATHER-APPELLANT'S MOTION TO NAME THE FATHER-APPELLANT THE "PRIMARY RESIDENTIAL PARENT."
Collins essentially argues the court abused its discretion when it allocated him substantially all the responsibility of caring for the children, but refused to designate him the residential parent. The question before us, then, is whether the court may allocate responsibilities for the care of the children primarily to one parent without designating that parent as the residential parent.
R.C. 3109.04 controls the allocation of parental rights and responsibilities and states as follows:
 (A)(1) * * * in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. Subject to division (D)(2) of this section, the court may allocate the parental rights and responsibilities for the children in either of the following ways:
 (1) If neither parent files a [shared parenting plan] * * * the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.
In this case, the court allocated the responsibilities for the care of the children primarily to Collins but failed to designate him as residential parent. Since the statute is directory and not discretionary with respect to the allocation and designation, the court erred when it denied Collins' motion seeking designation as residential parent and we therefore reverse that judgment and remand the matter to the trial court with instructions to designate Collins as the residential parent and to make such other orders as are consistent with that designation, R.C. 3109.04, and this opinion.
Judgment reversed. Matter remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J.
TERRENCE O'DONNELL, J.
PATRICIA A. BLACKMON, J.